# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2012

No. 11-51160
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERT R. MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-936-1

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert R. Martinez, federal prisoner # 51047-189, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence in light of Amendment 750 to the Sentencing Guidelines. Martinez pleaded guilty to possession of cocaine base (crack) with intent to distribute and was held accountable for 5.8 grams of crack. The district court denied the reduction in his sentence because Martinez is a career offender under U.S.S.G. § 4B1.1, such that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment 750 did not have the effect of lowering his guidelines range of imprisonment.

Martinez argues that the district court's denial of his motion was an abuse of discretion because, under *United States v. Booker*, 543 U.S. 220 (2005), § 4B1.1 is not mandatory. This argument is foreclosed. *See Dillon v. United States,* 130 S. Ct. 2683, 2692 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009). Although application of Amendment 750 would reduce Martinez's base offense level, it does not ultimately alter the sentencing guidelines range. *See* § 4B1.1(b)(3). Accordingly, § 3582(c)(2) does not authorize a reduction in Martinez's sentence. *See* § 1B1.10(a)(2)(B).

Because Martinez was not eligible for a sentence reduction under Amendment 750, he cannot show that he will present a nonfrivolous issue with respect to the district court's denial of his § 3582(c)(2) motion. *See Dillon,* 130 S. Ct. at 2691; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Martinez's request for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.